NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4591
     Facsimile: (213) 894-2927
     E-mail:    patrick.fitzgerald@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 07-1268-ODW |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S UNOPPOSED MOTION TO DISMISS INDICTMENT AGAINST DEFENDANT ALFONSO BERNAL BARRON |
| ALFONSO BERNAL BARRON, | |
| Defendant. | |

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States Attorney for the Central District of California hereby moves to dismiss the above-referenced case with

//
//
//
//
//
//
//
//
//
//

prejudice as to defendant Alfonso Bernal Barron.

    Defendant does not oppose the motion to dismiss the indictment against him.

Dated: May 30, 2019          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

      /s/
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

In considering whether to grant the government leave to dismiss an indictment pursuant to Rule 48(a), the Ninth Circuit has instructed that:

> Separation of power concerns generally require a district court to defer to the government's decision to seek dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative. [Citation omitted]. The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request.

United States v. Gonzalez, 58 F.3d 459, 462 (9th Cir. 1995) (citation omitted); see also id. at 461 ("In light of the history and purpose of Rule 48(a), we have . . . required district judges entertaining such requests [for leave to dismiss] to grant considerable deference to the prosecutor."); id. ("[T]he district court's discretion to deny leave is limited."); United States v. Garcia-Valenzuela, 232 F.3d 1003, 1007 (9th Cir. 2000) ("[A] district court is limited in its ability to second-guess the government's decisions on whether and what to prosecute."); United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988) ("While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution.").

This principle holds especially true in cases where the request for leave to dismiss is uncontested. See Gonzalez, 58 F.3d at 461 (noting that the Fifth Circuit ruled that "a district court may deny an uncontested request only 'in extremely limited cases . . . when the prosecutor's actions clearly indicate a betrayal of the public

3

interest'") (quoting <u>United States v. Welborn</u>, 849 F.2d 980, 983 n. 2 (5th Cir. 1988)).  Undersigned counsel for the government has communicated with defendant's counsel about the government's request for leave to dismiss the indictment.  Defendant does not object to the government's application and joins in the government's request that the indictment be dismissed.

In this case, the government's request for an order dismissing the indictment is based on difficulties in proving the government's case based on the passage of time and various equitable factors presented by defendant and is not for an improper purpose.

This notice is based upon the files and records in this case and any further evidence and argument as the Court may require.

Dated: May 30, 2019              Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney


                                        /s/
                                 PATRICK R. FITZGERALD
                                 Assistant United States Attorney
                                 Chief, National Security Division

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA